FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 JAN -9 P 1: 21

CLERK'S OFFICE
AT BALTIMORE

                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID MYRON SUIRE, #98057105      *
    Plaintiff,
v.                                 *   CIVIL ACTION NO. JKB-13-3216

OFFICER ENNIS                      *
    Defendant.
                          *****

## MEMORANDUM

David Myron Suire ("Suire") was ordered to file a supplement to his complaint and has done so. He complains that on October 2, 2013, Wicomico County Detention Center ("WCDC") Officer Ennis called him an "a\*\*hole" and seemingly cited him with a false infraction. ECF No. 3. He appears to amend his complaint to add the WCDC and Officer Thomas Kimball as defendants, claiming that Kimball, as the "appeal" officer, threatened him. *Id.* Because he appears indigent, Suire's motion for leave to proceed in forma pauperis shall be granted, but his complaint will be dismissed.

Suire complains that he was cited with a false infraction. This allegation does not state a due process claim. In *Freeman v. Rideout*, 808 F.2d 949 (2d Cir. 1986), the Second Circuit concluded that with regard to alleged falsified evidence, due process is satisfied where an inmate is afforded the opportunity to confront and challenge the alleged perjured testimony offered in the reports. *Id.* at 953. Suire does not allege that his process was violated as he acknowledges that he received a hearing and was found guilty of the charge. No Fourteenth Amendment violation is demonstrated.

Further, the WCDC is a free-standing prison facility. A number of courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under 42 U.S.C. § 1983. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under

42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail,* 722 F. Supp. 1294, 1301(E.D. N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, Suire may not file suit against the WCDC.

Finally, Plaintiff alleges that officers verbally threatened and harassed him. When a defendant makes comments that may constitute verbal abuse or harassment, those comments alone do not rise to the level of an Eighth Amendment violation. *See Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir. 1979), *cited favorably in Moody v. Grove,* 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim); *Morrison v. Martin,* 755 F. Supp. 683, 687 (E.D. N.C. 1990) (same). Plaintiff's allegations that correctional officers harassed and threatened him on separate occasions are not enough to state a § 1983 claim. Such a claim only accrues when the threats or threatening conduct result in a constitutional deprivation. *See Lamar v. Steele,* 698 F.2d 1286 (5th Cir. 1983).

A separate order will issue.

DATED this 8 day of January, 2014.

BY THE COURT:

James K. Bredar
United States District Judge